MILLS, Judge.
Value Construction, Inc. and Nationwide Insurance Company (E/C) appeal from a workers’ compensation order directing them to provide Sauer a medical examination. We modify the order and affirm it as modified.
Sauer injured his back in an industrial accident in October 1982. In 1983, the deputy issued an unappealed order which, among other things, established 2 June 1983 as the date of maximum medical improvement. The order also provided:
The employer/carrier shall afford the claimant that form of remedial and/or palliative medical care and attention consistent with the nature of his injury and the process of his recovery and/or maintenance for the time period provided by law.
Later, when Sauer sought treatment for continued lower back pain, the E/C refused authorization. The deputy eventually issued the order here appealed, directing the E/C to provide Sauer a medical examination for his lower back pain.
The unappealed order, requiring the E/C to provide medical care and attention “consistent with the nature of [Sauer’s] injury and the process of his recovery and/or maintenance,” contemplated, at a minimum, an examination to determine what care and attention, if any, is necessary. If the E/C objected to any examination or treatment, they should have appealed that order.
Although the deputy did not err in requiring a medical examination for lower back pain, we note that remedial treatment is unavailable because Sauer reached maximum medical improvement on 2 June 1983. We therefore modify the order to provide that the examination is to be for purposes of determining what palliative treatment is necessary, if any.
AFFIRMED.
JO ANOS and BARFIELD, JJ., concur.